IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRENDA LEE BRAUN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 11-186-RGA |
| | : | |
| BETTY GONZALES and | : | |
| EUCLIDES NUNEZ, SR. | : | |
| | : | |
| Defendants. | : | |

Brenda Lee Braun, Blades, Delaware, Pro Se Plaintiff.

Betty Gonzales, Reading, Pennsylvania, and Euclides Nunez, Sr., Lawrence, Massachusetts, Pro Se Defendants.

**MEMORANDUM**

April    , 2013
Wilmington, Delaware

*Richard G. Andrews*

**ANDREWS, United States District Judge:**

Plaintiff Brenda Lee Braun appears *pro se* and has been granted leave to proceed *in forma pauperis*. On December 4, 2012, the Court entered an Order (D.I. 52) that granted Plaintiff's motion to dismiss/withdraw her case (D.I. 51), construed as a motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a). Before the Court is Plaintiff's Motion to Reopen (D.I. 56) the case.

Plaintiff alleges that she was injured on March 7, 2009, as a result of a slip and fall that occurred on property she rented, owned by Defendant Euclides Nunez (*see* D.I. 31), and managed by Defendant Betty Gonzales. (*See* D.I. 1, 6.) Plaintiff filed a motion (D.I. 51) on December 3, 2012, and indicated that she no longer wished to pursue the case due to many hardships. On December 4, 2012, the Court granted Plaintiff's motion. (*See* D.I. 52.) On March 8, 2013, Plaintiff filed the instant motion (D.I. 56) to reopen the case. Neither Defendant, both of whom proceed *pro se*, filed a response to the motion to reopen.

"Rule 41 has a set of procedures in place whereby a plaintiff may proceed with caution in refiling the complaint, as a way to discourage plaintiffs from repeatedly filing and voluntarily dismissing complaints in federal court." *Thomas v. Ramapo Coll. of New Jersey*, 2011 WL 3206448, at *2 (D.N.J. July 27, 2011). When the Court granted Plaintiff's motion to voluntarily dismiss the case, it removed the case from the Court's docket. *See Penn West Associates, Inc. v. Cohen*, 371 F.3d 118, 132 (3d Cir. 2004). Plaintiff may not restore the case to the docket simply by moving to reopen. Rather, Plaintiff must refile the complaint, assuming her claims are not time-barred. *Id.*

In addition, relief is not warranted pursuant to Fed. R Civ. P. 60(b) to the extent that Plaintiff seek relief under said rule. Rule 60(b) allows a party to seek relief from a final judgment in a limited set of circumstances, including mistake, excusable neglect, newly discovered evidence, fraud or other reason justifying relief. Fed. R. Civ. P. 60(b). The only possible section for relief is Rule 60(b)(6) which provides that "[o]n motion and just terms, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . any other reason justifying relief from operation of the judgment.". "[T]he Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002).

Plaintiff chose to voluntarily dismiss her case due to many "hardships." It appears from the motion to reopen that the "hardships" have been resolved and, because it is now easier for her to travel to the Courthouse, she wishes to once again proceed with her case. Courts "have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions." *Coltec*, 280 F.3d at 274 (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 195 (3d Cir. 1988)).

Here, Plaintiff made a deliberate choice to request dismissal of her complaint. She has not alleged that there was any mistake or neglect on her part. Instead, she seeks to reopen the case because it is now easier for her to travel. Under these circumstances, Plaintiff cannot utilize Rule 60(b) to undo her earlier decision. Instead,

3

she must follow the procedural rules by refiling her complaint as a new case if she so
chooses.[1]

For the reasons stated above, Plaintiff's motion to reopen will be denied.  The

the case remains dismissed without prejudice pursuant to the Court's December 4,

2012 Order (D.I. 52).

An appropriate order will be entered.

---

[1] The accident that is the subject of the Complaint happened in Reading,
Pennsylvania.  It appears that the correct federal court in which to file a complaint would
be the United States District Court for the Eastern District of Pennsylvania.  The *pro se*
defendants have not raised lack of personal jurisdiction in this matter, but might be
expected to do so if the case is refiled in this Court.

4